UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

HAROLD E. McCOY, )
 )
               Petitioner, )
vs. ) No. 1:11-cv-677-JMS-MJD
 )
DOCTOR NILES: )
 )
               Respondents. )

## Entry Discussing Selected Matters

### I. The Complaint is Dismissed

"District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). That, however, is precisely what plaintiff McCoy has presented in several pages in which he references a habeas corpus action but recites his concerns with his assignment to a segregation unit and certain conditions of his confinement at the state prison where he is confined.

The *Federal Rules of Civil Procedure*–and Rule 8(a)(2) in particular–require that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)).

McCoy's complaint violates both the spirit and the letter of Rule 8(a)(2). This violation is so extreme that the complaint passes into the realm of the unintelligible and the complaint is subject to dismissal on that basis. *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001)("dismissal of a complaint on the ground that it is unintelligible is unexceptionable").

### II. An Amended Complaint my be Filed

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall have **through June 16, 2011,** in which to **file an amended complaint.**

If an amended complaint is filed, it shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

In addition to the above guidelines, McCoy should recognize that an action for habeas corpus relief is one which challenges either the fact or the duration of confinement, whereas an action challenging the conditions of his confinement must be brought pursuant to 42 U.S.C. § 1983 or some other statute.

### III. Further Proceedings

A copy of the complaint [1] shall be included with the distribution of this Entry.

If no amended complaint is filed as permitted in Part II of this Entry, the action will be dismissed consistent with the dismissal of the complaint in Part I.

**IT IS SO ORDERED.**

Date: 05/23/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Harold McCoy
No. 881103
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362